UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LYNDA DAVIS, | ) |
| Plaintiff, | ) Case No. 1:17-cv-2-JRG-SKL |
| v. | ) |
| WAL-MART STORES EAST, L.P., | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Lynda Davis's Motion to Amend Complaint [Doc. 24]. She has attached a proposed amended complaint [Doc. 24-1]. Defendant Wal-Mart Stores East, L.P., filed a response in opposition [Doc. 25], and Plaintiff filed a reply [Doc. 26]. This matter is now ripe.

**I. BACKGROUND**

Defendant removed this case from the Bradley County Circuit Court on January 5, 2017, based on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In her original complaint, Plaintiff claims that she was seriously injured when the hood of her car fell on her hands while she was investigating the type of car battery she had. At the time, she had the hood propped up with the hood's internal metal rod. Five days before the incident, she had taken her car to Wal-Mart to have it serviced. She claims that while her car was being serviced, an employee damaged the metal rod such that it "became disengaged from its tether" and none of the employees informed Plaintiff about the issue or did anything to fix it [Doc. 1-2 at Page ID # 6].

Plaintiff now seeks to amend her complaint to increase her request for compensatory damages from $100,000 to $250,000, and to add a request for $1,000,000 in punitive damages. She also includes new allegations concerning her car battery; specifically, that a Wal-Mart employee misrepresented what type of car battery Plaintiff had, either intentionally or while acting with gross negligence [Doc. 24-1]. She argues that "[b]ut for those misrepresentations no injuries would have occurred." [*id.* at Page ID # 97].

Previously, on December 29, 2017, Plaintiff filed a motion to enlarge time for filing a motion to amend her complaint [Doc. 19]. Over Defendant's objection, the Court permitted Plaintiff to file a motion to amend her complaint, despite the fact that the deadline for amendments was August 1, 2017. The Court noted:

> Here, the Court is faced with two options, neither of which is appealing to the Court. On the one hand, the Court could deny Plaintiff's motion, which would potentially preclude Plaintiff from obtaining a determination of damages based on the merits of the claims. On the other hand, the Court could grant Plaintiff's motion, which would reward Plaintiff in spite of her failure to comply with the Court's scheduling order. Even though the Court does not condone Plaintiff's actions, or lack thereof, refusing to afford Plaintiff a limited opportunity to file a motion to enlarge the time to file a motion to amend might prevent the Court from resolving issues in this case on the merits. This result is too harsh given the circumstances at issue.

[Doc. 23 at Page ID # 91-92]. The Court ordered Plaintiff to file her motion to amend within three days of entry of the order. Plaintiff then timely filed the instant motion to amend [Doc. 24].

**II. ANALYSIS**

Rule 15 of the Federal Rules of Civil Procedure directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Factors relevant in determining whether leave should be denied include

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003). Although leave to amend is ordinarily freely given under Federal Rule of Civil Procedure 15, an amendment may be denied as futile if the claim sought to be added "could not withstand a Rule 12(b)(6) motion to dismiss." *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).[1] A court is prohibited from looking to facts outside the proposed amended pleading when determining whether the amendment is futile. *See id.* at 420-421.

Defendant opposes certain aspects of the amendment, arguing that Plaintiff is asserting new facts which would require unidentified discovery, that allowing Plaintiff to assert those new facts would be prejudicial to Defendant because discovery closed on November 28, 2017, and that the amendment would be futile. For the reasons stated below, the Court agrees with Defendant that Plaintiff has failed to properly plead facts or any legal theory that could support an award of punitive damages against Defendant, and therefore allowing that amendment would be futile. The Court will, however, allow Plaintiff to amend her complaint to increase the amount of compensatory damages she seeks, and to assert her additional allegations concerning the car battery.

---

[1] To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts that, if true, state a claim to relief that is plausible on its face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 569 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Flanory v. Bonn*, 604 F.3d 249, 252-53 (6th Cir. 2010). A court must determine not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). While the court must construe the complaint in the light most favorable to the claimant and accept as true all well-pleaded factual allegations, legal conclusions and unwarranted factual inferences need not be accepted as true. *See Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

Under Tennessee law, which governs in this diversity action:

> (g)(1) Notwithstanding subdivision (a)(9)[2], punitive damages may be awarded against a defendant based on vicarious liability for the acts or omissions of an agent or employee only if the finder of fact determines by special verdict based on clear and convincing evidence that one or more of the following has occurred:
>
>> (A) The act or omission was committed by a person employed in a management capacity while that person was acting within the scope of employment;
>>
>> (B) The defendant was reckless in hiring, retaining, supervising or training the agent or employee and that recklessness was the proximate cause of the act or omission that caused the loss or injury; or
>>
>> (C) The defendant authorized, ratified or approved the act or omission with knowledge or conscious or reckless disregard that the act or omission may result in the loss or injury.
>
> (2) Nothing in this subsection (g) shall be construed to expand or increase the scope of vicarious liability or punitive damages liability under Tennessee law.
>
> (3) For purposes of this subsection (g), "a person employed in a management capacity" means an employee with authority to set policy and exercise control, discretion, and independent judgment over a significant scope of the employer's business.

Tenn. Code Ann. § 29-39-104(g).

Even under the most liberal reading of Plaintiff's complaint, there is simply no allegation that a Wal-Mart management-capacity employee damaged the metal rod, failed to inform Plaintiff about the damaged metal rod, or made any misrepresentation about Plaintiff's car battery; nor is there any allegation concerning Wal-Mart's hiring, retaining, or supervising policies or actions;

---

[2] Subdivision (a)(9) provides that "[t]he culpability of a defendant for punitive damages whose liability is alleged to be vicarious shall be determined separately from that of any alleged agent, employee or representative," and therefore is not relevant to the Court's analysis on this motion to amend.

4

nor is there any allegation that Wal-Mart (or any management-level or supervisory-level Wal-Mart employee) authorized, ratified, or approved of the damage to the metal rod or of any failure to report the damage to Plaintiff, or of any misrepresentation about Plaintiff's car battery. Moreover, although she does not expressly state as such, it is clear that Plaintiff seeks to hold Defendant liable on a theory of vicarious liability.[3]

Plaintiff had ample time to discover whether facts supporting any of these legal theories existed in her case. Indeed, she fails to even address Defendant's futility argument in her reply to Defendant's response. I therefore **RECOMMEND** that Plaintiff's motion be **DENIED IN PART** to the extent it relates to Plaintiff's proposed amendment seeking punitive damages.[4]

Defendant, however, identifies no credible basis for not allowing Plaintiff to amend her complaint to increase her request for compensatory damages to $250,000, and to include the allegations concerning the car battery. I therefore **RECOMMEND** that Plaintiff's motion be **GRANTED IN PART** to allow Plaintiff to make those amendments. To alleviate any possible prejudice to Defendant resulting from the fact that Plaintiff will be allowed to amend to alleged new factual allegations after the close of discovery, I further **RECOMMEND** that Defendant be allowed to further depose Plaintiff concerning solely her new factual allegations for up to one hour

---

[3] Plaintiff alleges that Defendant "breached its' duty of care owing to the Plaintiff by: a) Damaging the hood support so that it would not function in a safe fashion; [and] b) Failing to advise the Plaintiff of the condition of the hood support." [Doc. 24-1 at Page ID # 96-97]. With regard to the battery, she alleges, "[w]hile the hood was up on the vehicle an employee of the Defendant advised the Plaintiff that her battery needed to be replaced. The Plaintiff asked if the battery was the kind that needed water and she was advised that it was not." [*id.* at Page ID # 96]. These are clearly actions allegedly taken by individual employees for which Plaintiff seeks to hold Defendant liable.

[4] Because the Court agrees with Defendant on the issue of the futility of Plaintiff's punitive damages for vicarious liability, and because it is clear that Plaintiff is only seeking to pursue damages based on a vicarious liability theory, the Court declines to address Defendant's other argument, that Plaintiff failed to plead that Defendant acted maliciously, intentionally, fraudulently, or recklessly.

only within **14 DAYS** of the order of the Court if this report and recommendation is adopted. Moreover, if the Court adopts this report and recommendation, Plaintiff should be **ORDERED** to file an amended complaint that conforms with the Court's order within **SEVEN DAYS** of entry of the order.[5]

                                                  s/ *Susan K. Lee*
                                                  SUSAN K. LEE
                                                  UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).