**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LYNDA DAVIS,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **VS.** ) | **No. 1:17-CV-00002-JRG-SKL** |
| ) | |
| **WAL-MART STORES EAST, LP,** ) | |
| **Defendant.** ) | |

---

### AMENDED COMPLAINT

---

Comes the Plaintiff, by and through counsel, and would bring an action against the

Defendant, and would show unto the Court the following:

1.      The Plaintiff, LYNDA DAVIS, is a citizen and resident of Bradley County,

Tennessee;

2.      The Defendant, WALMART STORES EAST, LP, ("WALMART") is a foreign

corporation doing business at 4495 Keith Street, NW in Cleveland, Tennessee. Its agent for

service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN

37929-9710.

3.      The events which for the basis for this cause of action occurred within the

geographic boundaries of Bradley County, Tennessee. Accordingly, this Honorable Court

has jurisdiction over the parties and the subject matter of this dispute.

4.      On or about the 11th day of July, 2016, the Plaintiff was a business invitee of

the Defendant, WALMART. On that date, in addition to doing other items of shopping, the

1

Plaintiff took her Nissan Sentra automobile to the Defendant for servicing. Upon information and belief, while the Plaintiff's vehicle was under the care and control of one or more employees of the Defendant, WALMART, a metal rod underneath the hood of the Plaintiff's vehicle utilized to keep the hood from falling became disengaged from its tether. The Defendant, WALMART, failed to either repair this issue or to notify the Plaintiff of a problem associated with the metal rod. While the hood was up on the Plaintiff's vehicle an employee of the Defendant, WALMART, advised the Plaintiff that her vehicle battery needed to be replaced. The Plaintiff asked if the vehicle battery was the kind that needed water and she was advised that it was not. The Plaintiff declined to replace the battery of the vehicle at that time.

5.      On or about July 16, 2016 the Plaintiff decided to investigate the condition of her battery. The Plaintiff consulted the owner's manual for her vehicle and learned that her vehicle's battery was, in fact, the kind that needed water. The Plaintiff then opened the hood of her Nissan Sentra for the very first time since she acquired ownership. The metal rod to support the hood of the vehicle was not attached to anything when she opened the hood and was laying inside. Plaintiff is not a mechanic and utilized the metal rod to support the hood while she looked under the hood of her vehicle. Although the metal rod initially supported the hood of the vehicle after the Plaintiff assembled the metal rod, the hood of the vehicle slammed down on the Plaintiff's right and left hands causing multiple lacerations, significant injuries and excruciating pain and suffering without warning. When the aforementioned vehicle hood fell, the Plaintiff became trapped at her vehicle in a

2

rural area for a substantial and prolonged period of time before anyone rescued her. The

Plaintiff was required to undergo surgical procedures to her hands in order to repair the

damage to her hands.

6.     The Plaintiff avers that the Defendant, WALMART, had a duty to exercise

reasonable care for the Plaintiff's safety. Defendant, WALMART, had a further duty to

warn the Plaintiff of the existence of a dangerous condition.

7.     The Plaintiff avers that the Defendant, WALMART, breached its duty of care

owing to the Plaintiff by:

> a)     Damaging the hood support so that it would not function in a safe
> fashion;
>
> b)     Failing to advise the Plaintiff of the condition of the hood support;
>
> c)     Falsely advising the Plaintiff that her battery <u>was not</u> the type which
> needed water for efficient operation.

8.     One or more of the aforementioned acts of the Defendant was the proximate

cause of the injuries sustained by the Plaintiff all of which entitles the Plaintiff to an award

of damages.

9.     The Plaintiff avers as a direct, legal and proximate result of the conduct of

Defendant, WALMART, the Plaintiff sustained injury all of which have caused her great

physical pain and the exact amount of the damages to Plaintiff will be proved at the trial of

this matter.

3

**WHEREFORE PREMISES CONSIDERED THE PLAINTIFF DEMANDS:**

1.  That process issue to the Defendant in a way and manner as required by law;

2.  That the Defendant be required to answer within the time provided by law;

**3**.  That upon a hearing in this cause the Plaintiff be awarded compensatory damages in an amount not less than Two Hundred Fifty Thousand dollars ($250,000.00) to compensate her for her injuries, pain and suffering, emotional upset, cosmetic disfigurement and cost of medical care.

4.  Plaintiff prays that she be awarded such further and general relief as to which she may be entitled by law.

5.  Plaintiff demands a jury for the trial of this cause.

RESPECTFULLY submitted this 15th day of <u>March</u>, 2018.

By:     */s/ H. Franklin Chancey*
            H. FRANKLIN CHANCEY (BPR#013187)
            CHANCEY, KANAVOS & PAINTER
            P.O. Box 42
            Cleveland, TN   37364-0042
            (423)   479-9186
            Franklin@cklplaw.com
            *Attorney for the Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Plaintiff's Expert Disclosure has been served upon Defense Counsel by mailing a copy of the same by U.S. Mail with sufficient postage affixed thereon to insure delivery to:

> G. Andrew Rowlett, Esq
> Elle G. Kern, Esq
> HOWELL & FISHER, PLLC
> Court Square Building
> 300 James Robertson Parkway
> Nashville, TN  37201-1107

Dated this this 15th day of March, 2018.

> */s/ H. Franklin Chancey*
> H. FRAKLIN CHANCEY